IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEADOWBROOK FINANCIAL MORTGAGE BANKERS CORP.<br><br>Defendant. | No. 4:22-cv-01659 |

## ANSWER TO COMPLAINT

Defendant Meadowbrook Financial Mortgage Bankers Corporation ("Meadowbrook Financial"), by its attorneys, Offit Kurman, P.A. hereby responds to Plaintiff's Complaint as follows:

1. Admitted in part, denied in part. The averments of this paragraph are admitted insofar as the statutes cited are writings which speak for themselves. Any characterization is denied.

2. Admitted in part, denied in part. The averments of this paragraph are admitted insofar as the statutes and case law cited are writings which speak for themselves. Any characterization is denied.

3. Admitted in part, denied in part. It is admitted that plaintiff so alleges. The allegations are denied.

4. Admitted in part, denied in part. It is admitted that Plaintiff sues on behalf of a proposed nationwide class of persons who allegedly received similar calls. The allegations are denied.

5. Denied. By way of further response, the Magisterial District Courts remain a viable and better alternative for Mr. Jackson to pursue his claims.

## PARTIES

6. Denied. After reasonable investigation, Meadowbrook Financial is without knowledge or information to form a belief about the truth of these allegations.

7. Admitted.

## JURISDICTION AND VENUE

8. Admitted.

9. Admitted.

10. Denied. After reasonable investigation, Meadowbrook Financial is without knowledge or information to form a belief about the truth of these allegations.

## TCPA BACKGROUND

11. Admitted in part, denied in part. The averments of this paragraph are admitted insofar as the statutes cited are writings which speak for themselves. Any characterization is denied.

12. Admitted in part, denied in part. The averments of this paragraph are admitted insofar as the statutes cited are writings which speak for themselves. Any characterization is denied.

13. Admitted in part, denied in part. The averments of this paragraph are admitted insofar as the statutes cited are writings which speak for themselves. Any characterization is denied.

...

14. Admitted in part, denied in part. The averments of this paragraph are admitted insofar as the statutes cited are writings which speak for themselves. Any characterization is denied.

## **FACTUAL ALLEGATIONS**

15. Admitted.

16. Denied.

17. Admitted insofar as the statute cited is a writing which speaks for itself.

18. Denied. After reasonable investigation, Meadowbrook Financial is without knowledge or information to form a belief about the truth of these allegations.

19. Denied as stated. By way of further answer, it is admitted that Meadowbrook Financial and plaintiff spoke three times on October 6, 2022. It is denied that Meadowbrook Financial placed three telemarketing calls. By way of further answer, Plaintiff started the process of an application for a reverse mortgage on all three calls with Meadowbrook Financial, freely providing personal data and expressing interest in a reverse mortgage.

20. Denied as stated. It is admitted that someone identifying himself as counsel to the plaintiff sent an email in November 2019 about calls to the plaintiff in November 2018. That email is a writing and speaks for itself. The calls at issue herein took place three years after the email.

21. Denied. By way of further answer, each call was unique, and followed no script.

22. The allegations of this paragraph are not presented as factual, and therefore no response is required.

23. The allegations of this paragraph are not presented as factual, and therefore no response is required.

24. Denied as stated. To the extent this allegation implies that the Plaintiff informed the caller that he did not want to be called, the allegation is denied. It is admitted that the Plaintiff sent an email two days later to Meadowbrook Financial about the calls. That email is a writing that speaks for itself.

25. Admitted that Mr. Jackson spoke with Elaine Perri, then Christian Cunningham, and then Elaine Perri again.

26. The communications between Mr. Jackson's counsel and Meadowbrook Financial are writings that speak for themselves.

27. Denied. By way of further response, Plaintiff voluntarily provided both his and his wife's personal information, to Meadowbrook Financial in order to submit an application for a reverse mortgage.

28. Denied. By way of further response, Plaintiff further consented verbally for the follow up calls when he provided his personal information in order to receive information about a reverse mortgage.

29. Denied. By way of further answer, Meadowbrook Financial incorporates its response to paragraph 27.

## CLASS ACTION ALLEGATIONS

30. Admitted in part, denied in part. The averments of this paragraph are admitted insofar as the statutes cited are writings which speak for themselves. Any characterization is denied.

31. Admitted that Plaintiff so alleges. Denied that this is a proper class.

32. Admitted that Plaintiff so alleges. Denied that this is a proper class.

33. Admitted in part, denied in part.  It is admitted that additional records are required to identify the class.  It is denied that such a class can be so identified in this action.

34. Denied as stated as it is equally likely that said proposed class has zero members.

35. Denied.  By way of further response, Meadowbrook Financial need not respond to this speculative averment as no members of the class have been identified.

36. Admitted that Plaintiff so alleges. Denied that this is a proper class or that Plaintiff qualifies as a member thereof.  By way of further response, Plaintiff only received one call from Meadowbrook Financial during which he verbally consented to additional calls.

37. Admitted that Plaintiff so alleges. Denied that this is a proper class. By way of further response, Plaintiff only received one call from Meadowbrook Financial before he verbally consented to receive additional calls.  During none of those calls did Plaintiff mention the do not call list or request that Meadowbrook Financial stop calling him.

38. Denied.

39. Admitted that Plaintiff so alleges. Denied that this is a proper class.

40. Admitted that Plaintiff so alleges. Denied that this is a proper class.  By way of further response, the Magisterial District Courts remain a viable and better alternative for fair and efficient adjudication of the allegations in this Complaint.

41. Denied. By way of further answer, no class members have been identified and Meadowbrook Financial need not respond to this speculative averment.

## **ANSWER TO FIRST CAUSE OF ACTION**

42. This paragraph does not require a response.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

WHEREFORE, Meadowbrook Financial demands judgment in its favor, together with the costs of defense.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All claims are time-barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

All causes of action have not been maintained in a timely fashion and Plaintiffs have neglected the same and should be barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Meadowbrook Financial has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Meadowbrook Financial has received consent to make calls to the phone numbers identified by Plaintiff or the proposed class, whether through customer agreements, written, or verbal statements, or otherwise, the claims are barred.

**EIGHTH AFFIRMATIVE DEFENSE – CLAIMS NOT PROPERLY CERTIFIABLE UNDER RULE 23**

A. Meadowbrook Financial incorporates the allegations stated in its previous Affirmative Defenses as though stated herein.

B. Plaintiff purports to represent a class of individuals allegedly contacted by Meadowbrook Financial in violation of the Telephone Consumer Protection Act.

C. Plaintiff further claims that common questions of law and fact predominate over questions affecting any individual member of the class.

D. Plaintiff's claims cannot properly be certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class, including:

1. Whether each individual was allegedly contacted by Meadowbrook Financial;

2. Whether each individual or an agent of that individual provided consent prior to the contact;

3. Who was the owner or regular user of each personal telephone number called at the time each call was placed; and

4. Whether and when Meadowbrook Financial had actual knowledge that a call did not reach its intended recipient or that a cellular telephone number had changed owner or regular user.

## NINTH AFFIRMATIVE DEFENSE: CONSTITUTIONALITY OF STATUTORY DAMAGES

A.  Meadowbrook Financial incorporates the allegations stated in its previous Affirmative Defenses as though stated herein.

B.  The Telephone Consumer Protection Act provides for statutory damages of $500 to $1,500 for each violation of the law.

C.  When directed at telephone calls, statutory damages under the Telephone Consumer Protection Act could quickly rise to millions of dollars for alleged actions that caused little or no actual damage to Plaintiff or other called individuals and such a calculation would be excessive, improper, and/or unreasonable.

D.  Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE: ACCORD AND SATISFACTION

To the extent that Meadowbrook Financial resolved or will resolve any claims related to this action, the doctrine of Accord and Satisfaction applies.

## ELEVENTH AFFIRMATIVE DEFENSE: LACK OF STANDING

A.  Meadowbrook Financial incorporates the allegations stated in its previous Affirmative Defenses as though stated herein.

B.  To establish standing, Plaintiff, and the proposed class, must show a concrete and particularized invasion of a legally protected interest and that he, and the proposed class, are in the zone of interests the TCPA is intended to protect.

C. To the extent Plaintiff and members of the proposed class have not paid money, lost title to goods of value, suffered any other concreted or particularized harm, or is not in the zone of interests protected by the TCPA as a result of the conduct alleged, Plaintiff and members of the proposed class lack standing to bring this suit under Article III of the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of *laches*, *res judicata*, and/or *collateral estoppel*.

**THIRTEENTH AFFIRMATIVE DEFENSE**

All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Meadowbrook Financial reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiffs base their claims for relief, and upon completion of further discovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join one or more necessary and indispensable parties who were responsible for making the alleged telephone communication of which Plaintiff complains.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state facts that would entitle members of the proposed class to injunctive relief because is no threat to immediate future harm and there remains an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The matters that are the subject of the Complaint are attributable to third parties over whom Answering Defendant had neither control nor right of control.

**WHEREFORE**, Meadowbrook Financial respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Meadowbrook Financial with prejudice and on the merits;

b. Deny class certification;

c. Award Meadowbrook Financial all costs, disbursements, and reasonable attorney fees allowed by law; and

d. Grant Meadowbrook Financial any such further relief to which it may be entitled.

Respectfully submitted,

By: */s/ C. Lawrence Holmes*
C. Lawrence Holmes, Esq. (64245)
Candice Kearney, Esq. (321355)
**OFFIT KURMAN, P.A.**
1801 Market Street, Ste. 2300
Philadelphia, PA 19103
Telephone:  267.338.1339
Facsimile:  267.338.1335
Larry.holmes@offitkurman.com
Candice.kearney@offitkurman.com
*Attorneys for Meadowbrook Financial*

Date: April 14, 2023

4853-7363-2089, v. 4